1  MARTIN R. GLICK (No. 40187)
   mglick@howardrice.com
2  DANIEL B. ASIMOW (No. 165661)
   dasimow@howardrice.com
3  ROBERT D. HALLMAN (No. 239949)
   rhallman@howardrice.com
4  SHAUDY DANAYE-ELMI (No. 242083)
   sdanaye-elmi@howardrice.com
5  SEAN M. CALLAGY (No. 255230)
   scallagy@howardrice.com
6  HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
7  A Professional Corporation
   Three Embarcadero Center, 7th Floor
8  San Francisco, California  94111-4024
   Telephone:   415/434-1600
9  Facsimile:   415/677-6262

10 Attorneys for Plaintiffs and Counterclaim-Defendants
   DATEL HOLDINGS LTD. and DATEL DESIGN &
11 DEVELOPMENT, INC.

12

13             UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  DATEL HOLDINGS LTD. and DATEL DESIGN & DEVELOPMENT, INC., | No. 09-CV-05535 EDL |
| 17 | Action Filed: November 20, 2009 |
| 18        Plaintiffs and Counterclaim-Defendants, | PLAINTIFFS' ANSWER TO MICROSOFT CORPORATION'S SECOND AMENDED COUNTERCLAIMS |
| 19        v. | |
| 20  MICROSOFT CORPORATION, | JURY TRIAL DEMANDED |
| 21        Defendant and Counterclaimant. | |
| 22 | |

23

24

25

26

27

28

For their Answer to the Counterclaims filed by Defendant and Counterclaimant Microsoft Corporation ("Microsoft"), Plaintiffs and Counterclaim-Defendants Datel Holdings Ltd. and Datel Design & Development, Inc., (collectively, "Datel") state as follows:

1.     Datel admits that it is a leading developer of videogame enhancement products, and that its products have been used for more than 20 years.  Datel further admits that certain of its aftermarket products allow users to store game saves.  Datel further admits that certain of its products have taken, and continue to take, the form of memory cartridges or cards or other aftermarket accessory devices that plug into memory or other console parts. Datel denies that it designs and sells products to enable the piracy of video games.  To the contrary, Datel states that its products are lawful and well-accepted and enhance the experience of playing video games for users.  Datel denies that the use of term "cheat" or "cheating" connotes any violation of law or unethical conduct, and instead states that "cheats" and "cheating" in this context are shorthand for ways to play games in different or unexpected ways, many if not all of which were specifically included by the game developer but made difficult to locate.  Except as specifically admitted, Datel denies the allegations of Paragraph 1 of the Counterclaims.

2.     Datel admits that its Action Replay product is an aftermarket accessory that was compatible with Microsoft's original video game console, the Xbox.  Datel further states that the Microsoft-licensed "Official Xbox Magazine" itself advertised and published Action Replay game saves for the Xbox platform.  Datel further admits that it has sold the Action Replay product for the original Xbox.  Except as specifically admitted, Datel denies the allegations of Paragraph 2 of the Counterclaims.

3.     Datel admits that certain ports on certain models of the Xbox 360 will not recognize most memory units manufactured by persons other than Microsoft.  Datel further admits that the Xbox 360 incorporates some different technologies from the original Xbox. On information and belief, Datel denies that Microsoft implemented a number of technological security layers for the sole purpose of preventing cheating, hacking, and

1   piracy.  Datel admits that the Xbox 360 has enjoyed great success among game developers

2   and consumers.  Except as specifically admitted, Datel is without knowledge or information

3   sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the

4   Counterclaims, and denies them on that basis.

5        4.   Datel admits that it has been able to overcome Microsoft's deliberately-erected

6   Infineon security chip technical barrier in order to bring to market accessories for the Xbox

7   360.  Datel further admits that certain of its products enable users to transfer game saves

8   from the Xbox 360 to a PC.  Datel further admits that it made a substantial investment in

9   analyzing the security and authentication techniques employed by Microsoft to exclude

10  competitive accessories.  Except as specifically admitted, Datel denies the allegations of

11  Paragraph 4 of the Counterclaims.

12       5.   Datel admits that, on its uk.codejunkies.com web site, it states to potential

13  customers for Xbox 360 accessories that certain of Datel's products are "perfect choices for

14  online gaming."  Datel further admits that, on its uk.codejunkies.com web site, it explains to

15  potential United Kingdom customers for Xbox 360 accessories that "Official 360Powersaves

16  are professionally modified game saves that can completely unlock a game, making extra

17  levels, weapons and characters instantly available."  Except as specifically admitted, Datel

18  denies the allegations of Paragraph 5 of the Counterclaims.

19       6.   Datel admits that Xbox 360 and Xbox LIVE include an "Achievements" point-

20  based scoring system in which players can earn a "Gamerscore" based on both their online

21  and offline game play, and that the Xbox 360 tracks the Achievements a player earns in

22  offline play and then transmits that information to the Xbox LIVE system.  Datel denies that

23  it sells products that are specifically and intentionally designed to induce players to breach

24  contractual provisions of the Xbox LIVE Terms of Use.  Except as specifically admitted,

25  Datel is without knowledge or information sufficient to form a belief as to the truth of the

26  allegations in Paragraph 6 of the Counterclaims, and denies them on that basis.

27       7.   Datel admits that the words "Xbox 360" appear on certain of its products that are

28  accessories for, or add-ons to, the Xbox 360, but denies the remaining allegations of

HowardRice

1    Paragraph 7 of the Counterclaims.

2        8.    Datel denies the allegations of Paragraph 8 of the Counterclaims.

3        9.    Datel admits the allegations of Paragraph 9 of the Counterclaims.

4        10.    Datel admits the allegations of Paragraph 10 of the Counterclaims.

5        11.    Datel admits the allegations of Paragraph 11 of the Counterclaims.

6        12.    Datel admits that Datel Design & Development, Inc. is a Florida corporation with

7    its principal place of business located at 33 N. Garden Ave., Clearwater, Florida.  Except as

8    specifically admitted, Datel denies the allegations of Paragraph 12 of the Counterclaims.

9        13.    Datel admits that it has been developing and manufacturing electronics and video

10   game console peripherals since the 1980s.  Datel further admits that it has manufactured and

11   sold accessories for and/or add-ons to Microsoft's Xbox and Xbox 360.  Datel admits that it

12   has sold certain of its products via its websites and the websites of Internet retail companies,

13   and also via stores such as Walmart, Best Buy and Target, among others.  Datel further

14   admits that it does business within the Northern District of California.  Datel denies that it

15   offers all of its products worldwide, and further denies that it offers all of its products in the

16   United States and in the greater San Francisco metropolitan area.  Except as specifically

17   admitted, Datel denies the allegations of Paragraph 13 of the Counterclaims.

18       14.    Datel admits that Microsoft purports to state claims for relief under the Digital

19   Millennium Copyright Act and the Lanham Act.  The remaining allegations of Paragraph 14

20   of the Counterclaims are legal conclusions to which Datel is not required to respond.  To the

21   extent that a response is required, Datel denies the allegations of Paragraph 14 of the

22   Counterclaims.

23       15.    Datel admits that it filed suit in this District in the present action, admits that it

24   does business in this District, and admits that venue is proper in this District.  Except as

25   specifically admitted, Datel denies the allegations of Paragraph 15 of the Counterclaims.

26       16.    Datel admits that Microsoft released the original Xbox in 2001 and released the

27   current version, the Xbox 360, in 2005.  Datel further admits that the Xbox and Xbox 360

28   can be used for both individual game playing as well as multiplayer online gaming.  Datel

1   further admits that Microsoft offers consumers, on an annual subscription basis, a service

2   called "Xbox LIVE," which is, among other things, an online multiplayer gaming service.

3   Except as specifically admitted, Datel denies the allegations of Paragraph 16 of the

4   Counterclaims.

5       17.   Datel is without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in Paragraph 17 of the Counterclaims, and denies them on that basis.

7       18.   Datel is without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in Paragraph 18 of the Counterclaims, and denies them on that basis.

9       19.   Datel admits that users access and utilize video games through accessories and

10  devices connected to the Xbox 360 console, and that the console stores video game content

11  in memory.  Except as specifically admitted, Datel denies the allegations of Paragraph 19 of

12  the Counterclaims.

13      20.   Datel admits that the "Achievements" point-based scoring system exists, that

14  "Gamerscores" attach to Xbox LIVE usernames, know as "Gamertags," but denies that it

15  can be determined that only a single player has been playing on his or her "unique"

16  Gamertag.  Except as specifically admitted, Datel denies the allegations of Paragraph 20 of

17  the Counterclaims.

18      21.   Datel admits that users may store game data in game saves on an Xbox 360 hard

19  drive or memory card, and further admits that game saves may include data that relates to a

20  player's status, location, appearance, skills, health and weapons.  The final sentence of

21  Paragraph 21 is a legal conclusion to which Datel is not required to respond.  To the extent

22  that a response is required, Datel denies the allegations of the final sentence of Paragraph 21

23  of the Counterclaims.  Datel is without knowledge or information sufficient to form a belief

24  as to the truth of the remaining allegations in Paragraph 21 of the Counterclaims, and denies

25  them on that basis.

26      22.   Datel is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in Paragraph 22 of the Counterclaims, and denies them on that basis.

28      23.   Datel is without knowledge or information sufficient to form a belief as to the

HowardRice

truth of the allegations in Paragraph 23 of the Counterclaims, and denies them on that basis.

24.    Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Counterclaims, and denies them on that basis.

25.    Datel admits that the Xbox LIVE Terms of Use that is attached to the Counterclaims as Exhibit A says what it says, and denies the remaining allegations of Paragraph 25.

26.    Datel admits that the Xbox LIVE Terms of Use that is attached to the Counterclaims as Exhibit A says what it says, and denies the remaining allegations of Paragraph 26.

27.    Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Counterclaims, and denies them on that basis.

28.    Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Counterclaims, and denies them on that basis.

29.    Datel admits that the Xbox 360 contains certain technologies, but denies that Microsoft employs that protection primarily for the reasons alleged in Paragraph 29.  Except as specifically admitted, Datel denies the allegations of Paragraph 29 of the Counterclaims.

30.    Datel denies the allegations of Paragraph 30 of the Counterclaims.

31.    Datel admits that in April, 2010, Microsoft began to permit Xbox 360 game data to be stored on USB flash memory units.  The final sentence of Paragraph 31 is a legal conclusion to which Datel is not required to respond.  To the extent that a response is required, Datel denies the allegations of the final sentence of Paragraph 31 of the Counterclaims.  Datel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Counterclaims, and denies them on that basis.

32.    Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Counterclaims, and denies them on that basis.

33.    The allegation of Paragraph 33 of the Counterclaims is a legal conclusion to which Datel is not required to respond.  To the extent that a response is required, Datel is

Howard Rice

without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 33, and denies it on that basis.

34.    Datel admits that Microsoft is the owner of U.S. Registration Nos. 3573970, 3538652, 3538651, 3300210, and 3252556, but denies that each of those registrations covers the rights alleged in Paragraph 34.  Datel admits that copies of the certificates for these federal trademark registrations are attached as Exhibit C to the Counterclaims.  Except as specifically admitted, Datel denies the allegations of Paragraph 34 of the Counterclaims.

35.    Datel admits that Microsoft has sold the Xbox 360 since 2005.  Datel denies that Microsoft's use of the "XBOX 360" mark has been exclusive, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Counterclaims, and denies them on that basis.

36.    Datel admits that Microsoft has sold the Xbox 360 and Xbox 360 accessories and devices in packaging that features a white, green and grey color scheme with curved arcs, but denies that this constitutes a "distinctive color scheme."  Except as specifically admitted, Datel denies the allegations of Paragraph 36 of the Counterclaims.

37.     Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Counterclaims, and denies them on that basis.

38.    Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Counterclaims, and denies them on that basis.

39.    Datel denies that it sells "circumvention" products but admits the remaining allegations of Paragraph 39 of the Counterclaims.

40.    Datel admits that the quotation from the Complaint is accurate, but denies the remaining allegations of Paragraph 40 of the Counterclaims.

41.    Datel denies the allegations of Paragraph 41 of the Counterclaims.

42.    Datel admits that, at the Best Buy website, the functionality of the 2GB MAX Memory card was described as follows:

> Ensure that you have enough memory to save vital game information from your Xbox 360 games. The Max Memory 2GB Memory Card provides 2 gigabytes of reliable storage. Easily save levels, characters and high scores with speed and

1    security.

2    Datel further admits that its Micro SD card reader plugs directly into any free USB port on a

3    consumer's PC. Datel further admits that it states on its website that, "Because you can access

4    individual files stored on your memory card, MAX Memory is the perfect Xbox 360

5    memory card if you want to make use of suitable game saves and content downloaded from

6    the internet too." Except as specifically admitted, Datel denies the allegations of Paragraph

7    42.

8           43.   Datel admits that the XSATA and the Xport are devices for transferring data

9    between an Xbox 360 and a personal computer, allowing users to store Xbox demos, game

10   saves and other materials on a personal computer when they are not being used on the Xbox

11   360. Datel further admits that it states on its website that "you can also install files from

12   your PC to your console's hard drive, and inspect, modify and install files of your own using

13   Datel's impressive *XPORT 360* PC application." Datel further admits that it states on its

14   website, "When you've archived your memory card, you can email the backed-up image to

15   your friends and share your saves with friends from all over the world" but Datel also

16   indicates that this can only be done when "the save or downloaded file is not locked to your

17   own console or Xbox Live account . . . ." Except as specifically admitted, Datel denies the

18   allegations of Paragraph 43.

19          44.   Datel admits that it states on its website that "Official 360Powersaves are

20   professionally modified game saves that can completely unlock a game, making extra levels,

21   weapons and characters instantly available." Except as specifically admitted, Datel denies

22   the allegations of Paragraph 44 of the Counterclaims.

23          45.   Datel denies the allegations of Paragraph 45 of the Counterclaims.

24          46.   Datel admits that it states on its website, "[d]ownload fan-created files and

25   enhance your games in ways Microsoft never intended." Datel further admits that its

26   website states, "[t]ransfer game saves from the internet to boost your achievements!" Except

27   as specifically admitted, Datel denies the allegations of Paragraph 46 of the Counterclaims.

28          47.   Datel denies the allegations of Paragraph 47 of the Counterclaims.

48. Datel denies the allegations of Paragraph 48 of the Counterclaims.

49. Datel denies the allegations of Paragraph 49 of the Counterclaims.

50. Datel denies the allegations of Paragraph 50 of the Counterclaims.

51. Datel admits that it uses the words "Xbox 360" to identify the platform for which certain of its products were developed, and that it displays the words "Xbox 360" on the packaging of certain of its products in order to identify the platform for which such products were developed. Except as specifically admitted, Datel denies the allegations of Paragraph 51 of the Counterclaims.

52. Datel admits that it uses terms such as "Wii" and "PS3" to identify the platform for which certain of its products were developed. Except as specifically admitted, Datel denies the allegations of Paragraph 52 of the Counterclaims.

53. Datel admits that its devices are not authorized, approved, endorsed, or sponsored by, or associated, affiliated, or connected with Microsoft—indeed it states as much on its product packaging. Except as specifically admitted, Datel denies the allegations of Paragraph 53 of the Counterclaims.

54. Datel denies the allegations of Paragraph 54 of the Counterclaims.

55. Datel admits that the Xbox 360 uses a challenge-response "authentication system" to block certain types of unlicensed accessories (but not others) from functioning and further admits that a computer chip uses a sequence of algorithms and keys to furnish a response to the challenge. Datel denies that an "unauthenticated" accessory is inherently "untrustworthy." Datel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Counterclaims, and denies them on that basis.

56. Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Counterclaims, and denies them on that basis.

57. Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Counterclaims, and denies them on that basis.

58. Datel denies that it had access to the source code of the "Authentication Code" or

the "Adapter Code." Datel is without sufficient knowledge or information as to what is meant by "the ideas, structures, and principles underlying" such Code to be able to form a belief as to the truth of the remaining allegations in Paragraph 58 and denies them on that basis.

59. Datel has had no access to the source code of the "Authentication Code" and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Counterclaims, and denies them on that basis. Datel further states that some of the similarities alleged—"the order of parameters, the use of local variables, and loop parameters"—are non-copyrightable or even standardized code components.

60. Datel is without sufficient knowledge or information as to what is meant by "Adapter Code" to be able to form a belief as to the truth of the allegations in Paragraph 60 of the Counterclaims, and denies them on that basis.

61. Datel denies the allegations of Paragraph 61 of the Counterclaims.

62. Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Counterclaims, and denies them on that basis.

63. Datel admits that the certain types of accessories (but not others) will not function without implementing the series of algorithms and secret keys used in the Xbox 360 "authentication system," but denies that an "unauthenticated" accessory is inherently "untrustworthy." Datel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Counterclaims, and denies them on that basis.

64. Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Counterclaims, and denies them on that basis.

65. Datel denies the allegations of Paragraph 65 of the Counterclaims.

66. Datel admits that it had limited correspondence with the person going by the alias of "xorloser" in August and September 2007, but denies that it "induced or encouraged him to transmit to Datel . . . Microsoft trade secret information . . . ." Datel denies the remaining

HowardRice

1   allegations of Paragraph 66 of the Counterclaims as well.

2       67.   Datel denies the allegations of Paragraph 67 of the Counterclaims.

3       68.   Datel admits that it received disassembly and related "c" code from "xorloser"

4   and referred to portions of that code, but denies that it used or relied upon any trade secret

5   information from "xorloser" or any other source.

6       69.   Datel denies the allegations in Paragraph 69 of the Counterclaims.

7       70.   Datel denies the allegations of Paragraph 70 of the Counterclaims.

8       71.   Datel denies the allegations of Paragraph 71 of the Counterclaims.

9       72.   Datel denies the allegations of Paragraph 72 of the Counterclaims.

10      73.   Datel denies the allegations of Paragraph 73 of the Counterclaims.

11      74.   Datel incorporates by reference its responses to paragraphs 1-73 above as though

12  fully set forth herein.

13      75.   Datel admits that the statute says what it says.

14      76.   Datel admits that the statute says what it says.

15      77.   Datel denies the allegations of Paragraph 77 of the Counterclaims.

16      78.   Datel denies the allegations of Paragraph 78 of the Counterclaims.

17      79.   Datel denies the allegations of Paragraph 79 of the Counterclaims.

18      80.   Datel denies the allegations of Paragraph 80 of the Counterclaims.

19      81.   Datel denies the allegations of Paragraph 81 of the Counterclaims.

20      82.   Datel denies the allegations of Paragraph 82 of the Counterclaims.

21      83.   Datel denies the allegations of Paragraph 83 of the Counterclaims.

22      84.   Datel incorporates by reference its responses to paragraphs 1-73 above as though

23  fully set forth herein.

24      85.   Datel admits that Microsoft owns U.S. Registration Nos. 3573970, 3538652,

25  3538651, 3300210 and 3252556, but is without knowledge or information sufficient to form

26  a belief as to the truth of the remaining allegations in Paragraph 85 of the Counterclaims,

27  and denies them on that basis.

28      86.   Datel denies the allegations of Paragraph 86 of the Counterclaims.

HowardRice

87.   Datel denies the allegations of Paragraph 87 of the Counterclaims.

88.   Datel denies the allegations of Paragraph 88 of the Counterclaims.

89.   Datel denies the allegations of Paragraph 89 of the Counterclaims.

90.   Datel denies the allegations of Paragraph 90 of the Counterclaims.

91.   Datel denies the allegations of Paragraph 91 of the Counterclaims.

92.   Datel denies the allegations of Paragraph 92 of the Counterclaims.

93.   Datel denies the allegations of Paragraph 93 of the Counterclaims.

94.   Datel incorporates by reference its responses to paragraphs 1-73 above as though fully set forth herein.

95.   Datel denies the allegations of Paragraph 95 of the Counterclaims.

96.   Datel denies the allegations of Paragraph 96 of the Counterclaims.

97.   Datel denies the allegations of Paragraph 97 of the Counterclaims.

98.   Datel denies the allegations of Paragraph 98 of the Counterclaims.

99.   Datel incorporates by reference its responses to paragraphs 1-73 above as though fully set forth herein.

100.   The allegation of Paragraph 100 of the Counterclaims is a legal conclusion to which Datel is not required to respond.  To the extent that a response is required, Datel is without knowledge or information sufficient to form a belief as to the truth of the allegation, and denies it on that basis.

101.   Datel denies the allegations of Paragraph 101 of the Counterclaims.

102.   Datel denies the allegations of Paragraph 102 of the Counterclaims.

103.   Datel incorporates by reference its responses to paragraphs 1-73 above as though fully set forth herein.

104.   Datel denies the allegations of Paragraph 104 of the Counterclaims.

105.   Datel denies the allegations of Paragraph 105 of the Counterclaims.

106.   Datel denies the allegations of Paragraph 106 of the Counterclaims.

107.   Datel denies the allegations of Paragraph 107 of the Counterclaims.

108.   Datel denies the allegations of Paragraph 108 of the Counterclaims.

109.  Datel denies the allegations of Paragraph 109 of the Counterclaims.

110.  Datel denies the allegations of Paragraph 110 of the Counterclaims.

111.  Datel denies the allegations of Paragraph 111 of the Counterclaims.

112.  Datel incorporates by reference its responses to paragraphs 1-73 above as though fully set forth herein.

113.  Datel denies the allegations of Paragraph 113 of the Counterclaims.

114.  Datel denies the allegations of Paragraph 114 of the Counterclaims.

115.  Datel denies the allegations of Paragraph 115 of the Counterclaims.

116.  Datel denies the allegations of Paragraph 116 of the Counterclaims.

117.  Datel denies the allegations of Paragraph 117 of the Counterclaims.

118.  Datel denies the allegations of Paragraph 118 of the Counterclaims.

119.  Datel denies the allegations of Paragraph 119 of the Counterclaims.

120.  Datel incorporates by reference its responses to paragraphs 1-73 above as though fully set forth herein.

121.  Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and denies them on that basis.

122.  Datel denies the allegations of Paragraph 122 of the Counterclaims.

123.  Datel denies the allegations of Paragraph 123 of the Counterclaims.

124.  Datel denies the allegations of Paragraph 124 of the Counterclaims.

125.  Datel denies the allegations of Paragraph 125 of the Counterclaims.

126.  Datel denies the allegations of Paragraph 126 of the Counterclaims.

127.  Datel denies the allegations of Paragraph 127 of the Counterclaims.

128.  Datel incorporates by reference its responses to paragraphs 1-73 above as though fully set forth herein.

129.  Datel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and denies them on that basis.

130.  Datel denies the allegations of Paragraph 130 of the Counterclaims.

131.  Datel denies the allegations of Paragraph 131 of the Counterclaims.

132.  Datel denies the allegations of Paragraph 132 of the Counterclaims.

133.  Datel denies the allegations of Paragraph 133 of the Counterclaims.

134.  Datel denies the allegations of Paragraph 134 of the Counterclaims.

135.  Datel denies the allegations of Paragraph 135 of the Counterclaims.

136.  Datel denies the allegations of Paragraph 136 of the Counterclaims.

137.  Datel denies the allegations of Paragraph 137 of the Counterclaims.

138.  Datel denies the allegations of Paragraph 138 of the Counterclaims.

139.  Datel denies the allegations of Paragraph 139 of the Counterclaims.

**AFFIRMATIVE DEFENSES**

Datel sets forth below its affirmative defenses to the Counterclaims.  By setting forth these affirmative defenses, Datel does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Microsoft.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Microsoft's allegations.

**First Affirmative Defense**

The Counterclaims are barred, in whole or in part, by the applicable statute(s) of limitations.

**Second Affirmative Defense**

The Counterclaims are barred, in whole or in part, by laches.

**Third Affirmative Defense**

The Counterclaims are barred, in whole or in part, by estoppel.

**Fourth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by acquiescence.

**Fifth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by waiver.

**Sixth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by consent.

**Seventh Affirmative Defense**

The Counterclaims are barred, in whole or in part, by Microsoft's unclean hands.

**Eighth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by Microsoft's failure to mitigate any alleged damages or injury.

**Ninth Affirmative Defense**

Datel has a license, either express or implied, to perform the acts complained of by Microsoft in the Counterclaims.

**Tenth Affirmative Defense**

The Counterclaims are barred, in whole or in part, because Microsoft's actions constitute violations of the antitrust laws of the United States, copyright misuse and/or misuse of the Digital Millennium Copyright Act.

**Eleventh Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims are permissible under 17 U.S.C. §117.

**Twelfth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims are permissible under 17 U.S.C. §109.

**Thirteenth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims are permissible under the reverse engineering defense of 17 U.S.C. §1201(f).

**Fourteenth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims are protected by the fair use doctrine.

**Fifteenth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims are permissible under the reverse engineering defense to copyright infringement allegations identified in *Sega v. Accolade*, 977 F.2d 1510 (9th Cir. 1992) and its progeny.

**Sixteenth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims are permissible under the doctrine whereby a party is entitled to copy those aspects of a work that must be copied to achieve compatibility.

**Seventeenth Affirmative Defense**

One or more of the copyright registrations that are allegedly infringed by Plaintiffs are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. §102.

**Eighteenth Affirmative Defense**

Some or all of the works or portions thereof constitute unprotectable ideas, procedures, processes, systems, methods of operation, concepts, principles, functions, scènes à faire, or discoveries.

**Nineteenth Affirmative Defense**

Some or all of Defendant's Counterclaims are barred because Defendant does not own the copyright for some or all of the works.

**Twentieth Affirmative Defense**

One or more of Defendant's claims for statutory damages and attorneys' fees under 17 U.S.C. §504 are barred because some, if not all, of Defendant's copyright registrations were not made within three months after the first publication of the works at issue, as required by 17 U.S.C. §412.

**Twenty-First Affirmative Defense**

Microsoft lacks standing to assert violations as to some or all of the alleged "works" protected by technological measures because any copyrights in these "works" are owned by third parties.

**Twenty-Second Affirmative Defense**

The Counterclaims fail because Datel is authorized by the authors of copyrighted works to circumvent technological measures and to circumvent protection afforded by technological measures in order to access the authors' own copyrighted works.

**Twenty-Third Affirmative Defense**

The Counterclaims fail because the alleged "works" protected by technological measures are not protectable, copyrightable works.

**Twenty-Fourth Affirmative Defense**

It is improper for Microsoft to use a technological measure to attempt to prohibit legal activities by others that are authorized under the Copyright Act, including 17 U.S.C. §§107, 109, 117 and/or 1201.

**Twenty-Fifth Affirmative Defense**

If Datel has violated 17 U.S.C. §1201, Datel's acts were innocent violations.

**Twenty-Sixth Affirmative Defense**

The Counterclaims are barred, in whole or in part, because the acts complained of by Microsoft in the Counterclaims occurred outside the United States, and Datel's extraterritorial acts cannot form the basis of a violation of the Copyright Act, the Lanham Act, or Microsoft's state law counterclaims.

**Twenty-Seventh Affirmative Defense**

The Counterclaims fail, in whole or in part, because Microsoft's contracts with its customers explicitly or implicitly authorize the acts complained of by Microsoft in the Counterclaims.

**Twenty-Eighth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims do not constitute a violation of 17 U.S.C. §1201 because these acts do not have a sufficient nexus to copyright infringement.

**Twenty-Ninth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims do not constitute a violation of 17 U.S.C. §1201 because the technological measures fail to effectively control access to a copyrighted work and/or to effectively protect the right of a copyright owner in a copyrighted work or portion thereof.

**Thirtieth Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims do not constitute a violation of 17 U.S.C. §1201 because the technologies, products, services or devices complained of are not primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work.

**Thirty-First Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims do not constitute a violation of 17 U.S.C. §1201 because the technologies, products, services or devices complained of do not have only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title.

**Thirty-Second Affirmative Defense**

The acts complained of by Microsoft in the Counterclaims do not constitute a violation of 17 U.S.C. §1201 because the technologies, products, services or devices complained of are not marketed by Datel or another acting in concert with Datel with Datel's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

**Thirty-Third Affirmative Defense**

The Digital Millennium Copyright Act is unconstitutional generally and as applied to this case because it violates the First Amendment of the Constitution.

**Thirty-Fourth Affirmative Defense**

The Digital Millennium Copyright Act is unconstitutional generally and as applied to this case because it violates the Intellectual Property Clause, Article I, Section 8, Clause 8 of the Constitution.

**Thirty-Fifth Affirmative Defense**

The Counterclaims fail, in whole or in part, because Datel's speech is Constitutionally protected by the First Amendment.

**Thirty-Sixth Affirmative Defense**

The Counterclaims fail, in whole or in part, because Datel's use of "Xbox 360"

HowardRice

1    constitutes nominative or classic fair use.

2                    **Thirty-Seventh Affirmative Defense**

3        The Counterclaims fail, in whole or in part, because Microsoft has abandoned the

4    trademark rights at issue by its failure to diligently enforce them.

5                     **Thirty-Eighth Affirmative Defense**

6        The Counterclaims fail, in whole or in part, because some or all of the alleged trade

7    secret information was readily ascertainable by reverse-engineering or other proper means.

8                     **Thirty-Ninth Affirmative Defense**

9        The Counterclaims fail, in whole or in part, because some or all of the alleged trade

10   secret information was published on the Internet or by other means of broad distribution.

11                        **Fortieth Affirmative Defense**

12       The Counterclaims fail, in whole or in part, because some or all of the alleged trade

13   secret information was generally known, obtainable from published literature, or disclosed

14   by someone who was not under an obligation to keep it confidential.

15                      **Forty-First Affirmative Defense**

16       The Counterclaims fail, in whole or in part, because Plaintiffs independently developed

17   some or all of the alleged trade secret materials.

18                     **Forty-Second Affirmative Defense**

19       The Counterclaims fail, in whole or in part, because the statutory damages sought by

20   Microsoft are unconstitutional.

21

22              **RESPONSE TO DESIGN PATENT INFRINGEMENT**

23                        **AFFIRMATIVE DEFENSE**

24       Datel denies that its TurboFire or WildFire controllers ("TurboFire 1" controllers)

25   infringe any of U.S. Patent Nos. D521,015; D522,011; D547,763; D581,422; D563,480; and

26   D565,668 (collectively, "the Asserted Patents"), and further denies that Datel induced others

27   to infringe the Asserted Patents.  Datel specifically asserts that the TurboFire 1 controllers

28   do not embody the ornamental features of the Asserted Patents, that an ordinary observer

1    familiar with the prior art (including, by way of example, the Logitech design patent and
2    controller depicted below) would not view the TurboFire 1 controllers as substantially
3    similar to the ornamental design claimed in the Asserted Patents, and that the features shared
4    in common are solely and primarily functional, not ornamental, features.  *See* Datel's
5    Preliminary Claim Charts attached as Exhibit A.

6         Datel further states that the Asserted Patents are invalid for failure to meet the
7    conditions of patentability set forth in Title 35 of the United States Code, including but not
8    limited to §§102, 103 and 171.  Specifically, the Asserted Patents are invalid (a) under
9    §102(a) in that the claimed invention was known or used by others in this country and
10   described in printed publications in this or a foreign country before the alleged date of
11   invention; (b) under §102(b) in that the claimed invention was patented or described in a
12   printed publication in this or a foreign country or in public use or on sale in this country
13   more than one year prior to the application dates of the Asserted Patents; (c) under §102(e)
14   in that the claimed invention was described in an application for patent, published under
15   §122(b), by another filed in the United States before the invention by the applicant for patent
16   or in a patent granted on an application for patent by another filed in the United States before
17   the alleged date of invention; (d) under §103(a) on the ground that the differences between
18   the subject matter sought to be patented and the prior art are such that the subject matter as a
19   whole would have been obvious at the time the invention was made to a designer of ordinary
20   skill in the field of gaming accessories and related products; and (e) under §171 because the
21   claimed design is not ornamental, but solely and primarily functional.

22        Datel further states that the Asserted Patents are unenforceable based on inequitable
23   conduct for failing to disclose material prior art to the Patent and Trademark Office during
24   the prosecution of each of the patents, including, among other things, the Logitech design
25   patent and controller depicted below.

| Microsoft's Controller and Design Patent | |
|---|---|
| Microsoft Xbox 360 Controller | U.S. Patent No. D522,011 |

**HowardRice**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




Example of Material Prior Art Not Disclosed to Patent and Trademark Office

| Logitech Cordless Controller for Xbox | Logitech's U.S. Patent No. D471,552 |
|---|---|




**PRAYER FOR RELIEF**

WHEREFORE, Datel prays for judgment as follows:

1.     That judgment be entered for Datel on its Complaint and against Microsoft on its Counterclaims;

2.     That Microsoft take nothing by its Counterclaims;

3.     That Microsoft be adjudged to have violated federal antitrust laws, state law of unfair competition and the common law, and be enjoined from carrying on such conduct;

4.     That Microsoft specifically be preliminarily and permanently enjoined and restrained from disabling or erecting technological barriers to Datel accessories and add-ons for the Xbox 360 (and its successor systems), including but not limited to Datel's memory cards and controllers;

5.     That Microsoft be directed to pay to Datel money damages sustained by reason of Microsoft's wrongful acts, together to interest thereon, including treble damages and punitive damages as appropriate;

6.     That Microsoft be required to pay to Datel its reasonable attorneys' fees incurred in connection with this action;

7.     That Microsoft be required to pay to Datel the costs and disbursements of this action;

8.     That Datel be awarded prejudgment interest on any monetary award made part of the judgment against Microsoft; and

9.     That Datel be awarded such additional and further relief as the Court deems just and proper.

1

**JURY TRIAL DEMANDED**

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and Civil Local Rule 3-

3   6(a), Plaintiffs Datel Holdings Ltd and Datel Design & Development, Inc. demand trial by

4   jury of all issues properly triable of right by a jury.

5   DATED: May 23, 2011.

6                                                    Respectfully,

7                                                    MARTIN R. GLICK
                                                     DANIEL B. ASIMOW
8                                                    ROBERT D. HALLMAN
                                                     SHAUDY DANAYE-ELMI
9                                                    SEAN M. CALLAGY
                                                     HOWARD RICE NEMEROVSKI CANADY
10                                                        FALK & RABKIN
                                                     A Professional Corporation
11

12                                                   By:          */s/ Martin R. Glick*
                                                                 MARTIN R. GLICK
13

14                                                   Attorneys for Plaintiffs and Counterclaim-
                                                     Defendants DATEL HOLDINGS LTD. and
                                                     DATEL DESIGN & DEVELOPMENT, INC.
15

16  W03 052311-131100017/U10/1649214/f

17

18

19

20

21

22

23

24

25

26

27

28