1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   DATEL HOLDINGS LTD,                        No. C-09-05535 EDL
11                 Plaintiff,                   **ORDER RE: SHIFTING FEES AND**
                                                **COSTS**
12        v.
13   MICROSOFT CORPORATION,
14                 Defendant.
15   _____/

16        At a hearing on May 6, 2011, the Court granted Defendant's Motion for Leave to File

17   Second Amended Answer, Affirmative Defenses and Counterclaims, and inquired about its authority

18   to shift fees and costs as a condition.  The Court gave the parties leave to file briefs regarding

19   whether there was authority for shifting fees and costs that Plaintiff will incur for discovery into the

20   new issues raised in Defendant's amended answer.[1]  Plaintiff filed its brief on May 13, 2011, and

21   Defendant filed its brief on May 20, 2011.  The Court has reviewed the parties' arguments and legal

22   authority, and concludes that it is proper and appropriate to shift certain limited fees and costs in this

23   case.

24        Courts have the authority to shift fees or costs.  See General Signal Corp. v. MCI

25   Telecommunications Corp., 66 F.3d 1500, 1514 (9th Cir. 1995) ("A district court, in its discretion,

26   may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to

27   compensate the opposing party for additional costs incurred because the original complaint was

28

     _____

          [1]      At the hearing, Defendant stated that it wished to move ahead with discovery on the new
     issues raised in the amended answer regardless of the Court's ruling on the cost-shifting issue.

**United States District Court**
For the Northern District of California

faulty." ); <u>see also</u> <u>Firchau v. Diamond Nat'l Corp.</u>, 345 F.2d 269, 275 (9th Cir. 1965) ("In the exercise of its discretion in acting upon such a motion the district court may, if it grants the motion, prescribe as a condition reasonable terms compensating appellee for any loss or expense occasioned by Firchau's failure to file adequate pleadings in the first instance."). Defendant argues that these cases do not allow the shifting of fees and costs absent a showing that the original pleading was defective. The Court, however, interprets them as applying a more general analysis which balances the equities based on the specific facts of each case, rather than creating a rule that a defective original pleading is a necessary predicate for imposition of payment of costs or fees. In fact, "the most common condition imposed on an amending party is costs. An amendment frequently will force other parties to undertake additional preparation in order to meet the new issues or theories that are asserted. . . . If this preparation results in further expense, the court may order that the amending party bear part or all of it." 6 Wright & Miller, <u>Federal Practice and Procedure</u>, § 1486 at p. 694 (2010).

Here, Plaintiff argues that the Court should shift to Defendant all of Plaintiff's fees and costs that will be incurred as a result of the filing of the amended answer because Defendant unduly delayed in seeking amendment. Defendant, however, argues that any shifting of fees or costs is not appropriate because it did not delay in seeking amendment. The issue of delay was extensively briefed and argued at the May 6, 2011 hearing in connection with Defendant's Motion for Leave to File a Second Amended Answer. As the Court stated at that hearing, it was a "close question as to whether there was any undue delay or not. . . and enough good cause" to grant Defendant's motion for leave to amend. Given that very close question, and after weighing the specific circumstances of this case, the Court concludes that it would be fair and equitable to shift some of Plaintiff's costs and fees to Defendant. The late amendment, made after discovery closed, caused inefficiencies and increased the burden on Plaintiff.

Plaintiff argues that the Court should shift all of its attorney's fees for time traveling to and from depositions of witnesses who were already deposed, and for the time actually spent in those depositions. Plaintiff also seeks 50% of the attorney's fees incurred in document collection, document review and deposition preparation going forward. Defendant argues that any fee-shifting

2

United States District Court
For the Northern District of California

1  would be improper because it would result in collateral litigation as to what fees were reasonable.

2  Plaintiff also seeks reimbursement of costs for court reporter and videographer expenses, for travel

3  to and from any re-depositions and for document collection and review.

4        Defendant argues generally that none of the fees and costs sought by Plaintiff are attributable

5  to any delay by Defendant in bringing its new counterclaims and so they should not be shifted.  See

6  Miller v. Union Pac. R.R., 2008 WL 4271906, at *6 (D. Kan. Sept. 12, 2008) (declining to award

7  fees and costs where the scope of the case would not be radically changed by the new claims and

8  there was no prejudice that could not be cured by further discovery and there was no undue delay).

9  First, Defendant argues that there is no basis for awarding attorney's fees for document collection or

10  review because Plaintiff would have had to incur those fees anyway.  Plaintiff counters persuasively

11  that had the counterclaims been part of the original lawsuit, document collection and review would

12  have taken longer, but not as long as it will take now that attorneys must re-familiarize themselves

13  with the issues and documents.  It would have been much more efficient for Plaintiff to review its

14  documents once, and Plaintiff will incur fees that would not have been necessary had the

15  amendments been made earlier in the case.  However, the Court is not convinced that document

16  collection and review will take half as much time as it initially did.  Therefore, the Court concludes

17  that Plaintiff is entitled to recover 20% of its reasonable attorneys' fees for document collection and

18  review related to the amendments from Defendant.

19        Second, Defendant argues that Plaintiff would have incurred the same fees and costs for

20  travel to and from depositions even if Defendant had brought the counterclaims sooner.  But if the

21  counterclaims had been brought earlier, Plaintiff's counsel would not have incurred fees for travel

22  time to make a second trip for depositions.  Thus, the Court concludes that Plaintiff is entitled to

23  recover from Defendant its fees and costs for traveling to and from depositions of witness who have

24  already been deposed, except for those fees and costs related to the re-deposition of Paul Armitt,

25  who would have been re-deposed even if the motion to amend had been denied.  Defendant need

26  only pay the costs for economy class travel, not business class accommodations.  The Court declines

27  to shift any fees for the time spent in the depositions.  That time would likely have been spent in

28  depositions regardless of when Defendant brought the counterclaims.

Third, Defendant argues that it should not have to pay for the court reporter or videographer costs of any re-depositions.  Defendant persuasively argues that the most significant charge for these services is the length of time spent at the deposition and the length of the transcript, so any court reporter or videographer fees would have been incurred anyway even if the claims had been filed before the depositions.  Thus, Plaintiff is not entitled to cost-shifting for court reporters or videographers used for the re-depositions.

**IT IS SO ORDERED.**

Dated: June 17, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4