GREGORY P. STONE (No. 078329)
Gregory.Stone@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California  90071-1560
Telephone:    213/683-9100
Facsimile:    213/687-3702

HOJOON HWANG (No. 184950)
Hojoon.Hwang@mto.com
ROHIT K. SINGLA (No. 213057)
Rohit.Singla@mto.com
JONATHAN H. BLAVIN (No. 230269)
Jonathan.Blavin@mto.com
MICHAEL J. MONGAN (No. 250374)
Michael.Mongan@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street,
Twenty-Seventh Floor
San Francisco, California  94105-2907
Telephone:    415/512-4032
Facsimile:    415/512-4077

Attorneys for Defendant and Counterclaimant
MICROSOFT CORPORATION

MARTIN R. GLICK (No. 40187)
mglick@howardrice.com
DANIEL B. ASIMOW (No. 165661)
dasimow@howardrice.com
ROBERT D. HALLMAN (No. 239949)
rhallman@howardrice.com
SHAUDY DANAYE-ELMI (No. 242083)
sdanaye-elmi@howardrice.com
SEAN M. CALLAGY (No. 255230)
scallagy@howardrice.com
HOWARD RICE NEMEROVSKI
CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:  415/434-1600
Facsimile:   415/677-6262

Attorneys for Plaintiffs and
Counterclaimant Defendants,
DATEL HOLDINGS LTD. and DATEL
DESIGN & DEVELOPMENT, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DATEL HOLDINGS LTD. and DATEL DESIGN & DEVELOPMENT, INC.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant and Counterclaimant. | No. 09-CV-05535 EDL<br><br>Action Filed: November 20, 2009<br><br>[PROPOSED] STIPULATED AMENDMENT TO CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL |

1    WHEREAS, on September 22, 2010, the Court entered a Case Management and

2    Pretrial Order for Jury Trial;

3    WHEREAS, on May 6, 2011, the Court granted leave to Microsoft Corporation to file

4    its Second Amended Answer and Counterclaims;

5    WHEREAS, at the hearing on May 6, 2011, the Court tentatively set a new trial date of

6    January 31, 2012;

7    WHEREAS, at the hearing on May 6, 2011, the Court ordered the parties to meet and

8    confer and to submit to the extent possible an agreed-upon Amendment to Case

9    Management and Pretrial Order for Jury Trial;

10   WHEREAS, on May 23, 2011, the parties jointly submitted a [Proposed] Amendment

11   to Case Management and Pretrial Order for Jury Trial;

12   WHEREAS, in submitting the [Proposed] Amendment the parties contemplated that

13   trial would either begin on April 10, 2012, or April 17, 2012;

14   WHEREAS, the Court's Amendment to Case Management and Pretrial Order for Jury

15   Trial was entered on June 6, 2011, and set a trial date of May 7, 2012;

16   WHEREAS, pursuant to Court order, the parties have met and conferred in good faith

17   concerning fact discovery limits, expert witness discovery deadlines, and dispositive motion

18   filing and briefing schedules;

19   WHEREAS, the parties have since reached agreement concerning deposition fact

20   discovery limits;

21   WHEREAS, the parties have also reached agreement concerning expert witness

22   discovery deadlines;

23   WHEREAS, the parties have also reached agreement that adjusted dispositive motion

24   filing and briefing schedules will be conducive to more orderly fact and expert discovery

25   without impacting the Court's pretrial deadlines or trial date; and

26   WHEREAS, the parties have been unable to reach agreement concerning whether

27   additional written discovery is appropriate in light of the newly-added counterclaims:

28

**STIPULATION**

Pursuant to Local Rules 6-1(b) and 6-2, Datel and Microsoft, by and through their respective counsel of record, hereby make this [Proposed] Stipulated Amendment To Case Management And Pretrial Order For Jury Trial.  Specifically, the parties stipulate to the following:

1.      Datel shall be allowed to take the depositions of the six Microsoft fact witnesses it has requested to date, as well as up to three additional witnesses, to be identified to Microsoft no later than July 29, 2011, provided that no individual deposition shall exceed the seven hours of deposition time allowed under the Federal Rules of Civil Procedure. Microsoft reserves all objections to the depositions of its fact witnesses including the up-to-three additional witnesses once they are identified other than an objection based on the number of deponents or hours of depositions requested by Datel.  Microsoft shall be allowed to take the depositions of the Datel fact witnesses in accordance with the limits set forth in the Court's September 22, 2010 Case Management Order [Dkt. No. 67].  Datel reserves all objections to the depositions of its fact witnesses other than an objection based on the number of deponents or hours of depositions requested by Microsoft.  Such depositions shall be completed no later than September 9, 2011.  In all other respects, non-expert discovery shall be completed no later than August 19, 2011, as per the existing scheduling order.

2.      Concerning written discovery, namely, Datel's Fifth Set of Interrogatories, served July 20, 2011,

Datel's Position & Proposal.  Pursuant to the Court's order that the parties meet and confer over discovery limits for the new counterclaims, on July 7, Datel's counsel proposed that, inter alia, the parties be allotted 25 interrogatories in connection with the new counterclaims.  On July 20, Microsoft's counsel responded that it was Microsoft's view that no additional written discovery was appropriate.  Datel contends that it is fair and appropriate for it to be afforded interrogatories related to Microsoft's new counterclaims.  On July 20, 2011, Datel served its Fifth Set of Interrogatories, containing 23 interrogatories related solely to Microsoft's copyright and trade secrets claims.  While

Microsoft has taken the position that Datel used all of its interrogatories allowed under the Court's September 22, 2010 Case Management Order [Dkt. No. 67], this order was entered six months before Microsoft sought leave to amend, and fact discovery under such order had already closed by the time Microsoft added the copyright and trade secret claims. It was not possible for Datel to anticipate that Microsoft would later add new claims and that Datel should keep interrogatories in reserve. The 23 carefully crafted interrogatories Datel served on July 20, 2011 are essential to understanding Microsoft's new claims. Datel believes it will be prejudiced if it is denied answers concerning the new and factually complex claims. Datel does not believe that Rule 30(b)(6) depositions will obviate the need for written interrogatories. To date, Microsoft has only served objections to such topics and failed to designate a single deponent. Also, statements of any 30(b)(6) witnesses at deposition will be a poor substitute for identification and contention interrogatories.

Moreover, Datel disagrees that Microsoft should be entitled to additional interrogatories or requests for admissions merely because Datel timely served written discovery. Microsoft failed to serve discovery in the time allowed under the case schedule, and has shown no need to do so concerning its own newly added claims.

Regarding Datel's requests for admissions, under the Court's September 22, 2010 Case Management Order [Dkt. No. 67 at 2:6], each party is allowed to propound a total of 100 requests for admissions. Prior to serving its Third Set of Requests For Admissions on July 20, 2011, Datel had propounded a total of sixty-four (64) requests. Therefore, it did not need leave to file the requests.

<u>Microsoft's Position & Proposal</u>. Datel has already served 43 broad requests for documents, with which Microsoft is trying to comply on this accelerated schedule, as well as a Rule 30(b)(6) notice with 36 topics. But Microsoft submits that 23 interrogatories and 27 requests for admission on top of all this will add little, if any, value to the discovery process beyond information that can be obtained in depositions and expert discovery. Additional written discovery will only serve to burden and harass

Microsoft at a time it must defend and take numerous depositions (many in London), continue to meet and confer over and try to comply with Datel's broad and burdensome document requests, and prepare summary judgment motions.

Datel served its Fifth Set of Interrogatories after close of business on July 20, 2011, the last possible day for serving written discovery under the case schedule if further written discovery had been permitted under the June 6 scheduling order. This set contains 23 separately numbered interrogatories, many of which have numerous subparts: for example, many interrogatories request Microsoft provide discrete information for "each" trade secret Microsoft identified in response to one interrogatory. Datel also served 27 substantive requests for admission at the same time. The interrogatories and RFAs overlap almost entirely with the topics noticed in Datel's Rule 30(b)(6) notice. The deposition notice comprises 36 topics, and Microsoft will produce witnesses to address most every topic, subject to meet and confer to determine the precise scope and meaning of the topics. The information sought in the interrogatories will be provided in deposition testimony. Moreover, virtually all of the interrogatories, in combination with the RFA's, seek information that is more appropriately sought through expert discovery, such as what portion of Datel code is substantially similar or identical to Microsoft code and whether Datel's copying of the Microsoft network adaptor code is functionally necessary. Microsoft also notes that these interrogatories are likely to lead to motion practice that is unlikely to be resolved in time for the current expert deadlines.

Finally, should the Court permits interrogatories and requests for admission to be served, Microsoft respectfully requests (1) that the Court not address in the abstract whether Datel's specific discovery requests are appropriate or objectionable; and (2) the Court give Microsoft leave to serve an equal number of interrogatories and requests for admission within five days of the Court's ruling. Datel's argument regarding timeliness is without merit. Microsoft did not serve written discovery to date because the Court's June 6, 2011 scheduling order contemplates that further written discovery would be

1   permitted only pursuant to the parties' meet and confer and the Court's resolution of any

2   disagreements.  See Dkt. No. 222 at 3, 2.g.  Thus, currently neither party has any right to

3   serve any interrogatories or RFAs, and Datel has no interrogatories left to serve based on

4   the limits previously set by the Court.   It is only after the Court determines whether

5   further written discovery should be permitted that the discovery, if any, becomes proper

6   to serve.

7       3.    Expert reports regarding the newly-asserted claims and defenses and defenses

8   thereto, including expert reports concerning damages for such claims, shall be served no

9   later than September 23, 2011.  Rebuttal expert reports regarding the newly-asserted claims

10   and defenses and defenses thereto, as well as expert rebuttal reports concerning damages for

11   all claims, shall be served no later than October 19, 2011.  All expert discovery on the

12   newly-asserted claims and defenses and defenses thereto, and on damages, shall be

13   completed no later than November 4, 2011.

14       4.    The second round of dispositive motions shall be served and filed no later than

15   September 2, 2011.  Any oppositions to these motions shall be served and filed no later than

16   September 23, 2011.  Any replies to the oppositions shall be served and filed no later than

17   October 7, 2011.  The parties request that the hearing on the second round of dispositive

18   motions be set for Friday, October 28, 2011, or such other date as is convenient for the

19   Court.

20       5.    The third round of dispositive motions shall be served and filed no later than

21   November 9, 2011.  Any oppositions to these motions shall be served and filed no later than

22   December 5, 2011.  Any replies to the oppositions shall be served and filed no later than

23   December 23, 2011.  The parties request that the hearing on the third round of dispositive

24   motions be set for Friday, January 13, 2012, or such other date as is convenient for the

25   Court.

26       6.    In all other respects, the Amendment To Case Management And Pretrial Order

27   For Jury Trial, entered on June 6, 2011, remains in effect.

28       The prior time modifications in this case include the following: an extension of time

1   for Microsoft to respond to the complaint; an extension of time for the parties to file their

2   joint case management statement; an extension of time for Datel to respond to Microsoft's

3   counterclaims; an expedited hearing and briefing schedule for Microsoft's Motion to

4   Compel Appropriate Length and Location of Depositions; an expedited hearing and briefing

5   schedule for Microsoft's Motion to Compel Datel's Production of Documents Regarding Its

6   Reverse Engineering of Video Game Security Systems; an expedited hearing and briefing

7   schedule on Datel's Motion to Compel the Production of Six Documents Improperly

8   Withheld, and All Similar Documents; an expedited hearing and briefing schedule on

9   Microsoft's Motion for Relief from Case Management Statement; an extension of time for

10   Datel to move to compel documents withheld by Microsoft on grounds of privilege or work

11   product protection; and the Court's Amendment To Case Management And Pretrial Order

12   For Jury Trial.

13

14   PURSUANT TO STIPULATION, AS TO NOS. 1, 3, 4, 5 and 6, ABOVE, IT IS SO

15   ORDERED.

16   AS TO NO. 2, ABOVE, CONCERNING DATEL'S WRITTEN DISCOVERY,

17   **[Datel's proposed resolution:]**

18   IT IS HEREBY ORDERED THAT Microsoft shall provide responses to Datel's Fifth Set

19   Of Interrogatories pursuant to the time limits set forth in the Federal Rules of Civil

20   Procedure.

21   **[Microsoft's proposed resolution:]**

22   *If the Court denies permission for further interrogatories:*

23   IT IS HEREBY ORDERED THAT no further interrogatories are permitted in this case.

24   *If the Court permits additional interrogatories:*

25   IT IS HEREBY ORDERED THAT each party may serve 23 interrogatories and 27

26   requests for admission.  Microsoft's discovery must be served within five days of this

27   order.

28

DATED: July 29, 2011

IT IS SO ORDERED

*Elizabeth D. Laporte*

Judge Elizabeth D. Laporte

Approved as to form:

HOWARD RICE NEMEROVSKI
CANADY FALK & RABKIN PC

By:    */s/ Daniel B. Asimow*
    Daniel B. Asimow
    Attorneys for Plaintiffs and
    Counterclaimant Defendants
    Datel Holdings Ltd., et al.

MUNGER, TOLLES & OLSON LLP

By:    */s/ Hojoon Hwang*
    Hojoon Hwang
    Attorneys for Defendant and
    Counterclaimant
    Microsoft Corporation

Filer's Attestation

    I, Daniel B. Asimow, am the ECF user whose ID and password are being used to file this Stipulation. In compliance with General Order 45, X.B., I hereby attest that Hojoon Hwang has concurred in this filing.

DATED:  July 25, 2011

                              */s/ Daniel B. Asimow*
                              DANIEL B. ASIMOW